UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHAEL CIVIL,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, MICHAEL CIVIL ("CIVIL"), by and through his undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. CIVIL brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify CIVIL'S rights to benefits under the terms of plan.

2. CIVIL was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the Southern District of

Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC §1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CIVIL by PRUDENTIAL.

6. CIVIL was at all times material an employee Horizon Blue Cross Blue Shield of New Jersey (" Blue Cross Blue Shield").

7. CIVIL was at all times material a plan participant under the Blue Cross Blue Shield Long Term Disability Plan, (the "LTD Plan") which was established by Blue Cross Blue Shield and pursuant to which CIVIL is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and was appointed by Blue Cross Blue Shield, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest, and the bias that this created affected the claim determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on CIVIL's claims.

12. Pursuant to the terms and conditions of the LTD Plan, CIVIL is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

13. The LTD Plan defines "Disability" as,

> **"How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
> - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
> - you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

14. At all relevant times CIVIL has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately September 12, 2013, CIVIL has been totally disabled under the terms of the LTD Plan.

16. Since on or about September 12, 2013 due to his disability, CIVIL, has been unable to perform each of the main duties of his regular occupation at Blue Cross Blue Shield or any gainful occupation.

17. At all relevant times, CIVIL has been under the regular care of a physician.

18. Upon PRUDENTIAL'S request and at his own expense, CIVIL has submitted proof of disability to PRUDENTIAL.

19. At all relevant times, CIVIL was a Covered Person under the LTD Plan.

20. Shortly after becoming disabled under the terms of the LTD Plan, CIVIL made a claim to PRUDENTIAL for disability benefits.

21. By letter dated September June 2, 2105 Prudential notified CIVIL that his disability benefits were being denied.

22. CIVIL timely appealed Prudential's decision to deny his LTD claim and deny his LTD benefits.

23. In a letter dated, January 6, 2016 PRUDENTIAL affirmed its adverse determination to deny CIVIL's LTD benefits.

24. CIVIL timely filed a second administrative appeal on July 18, 2016.

25. In a letter dated August 18, 2016, PRUDENTIAL affirmed its adverse determination to deny CIVIL's LTD benefits.

26. Under terms of the LTD Plan, CIVIL has a right to receive LTD benefits owed from June 2, 2015.

27. From June 2, 2015 CIVIL has not received the benefits owed to him under the LTD Plan, despite CIVIL's right to these benefits.

28. PRUDENTIAL has refused to pay CIVIL LTD benefits from June 2, 2015, in violation of its duties and responsibilities as an ERISA fiduciary.

29. At all relevant times, PRUDENTIAL was the payor of benefits.

30. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

31. At all relevant times, PRUDENTIAL was appointed by Blue Cross Blue Shield, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32. CIVIL has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 USC § 1132(a)(1)(B)

33. CIVIL incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 USC §1132(a)(1)(B).

35. Pursuant to 29 USC §1132(a)(1)(B),CIVIL, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. CIVIL has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of PRUDENTIAL'S failure to pay his disability benefits.

37. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to CIVIL at a time when PRUDENTIAL knew, or should have known, that CIVIL was entitled to those benefits under the terms of the LTD Plan, as CIVIL was and is disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of CIVIL's claim for LTD benefits;

(c) After CIVIL's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to CIVIL any additional material or information necessary for CIVIL to perfect his claim along with an explanation of why such material is or was necessary.

(d) PRUDENTIAL failed to properly and adequately investigate the merits of CIVIL's disability claim and failed to provide a full and fair review of CIVIL's claim.

38. CIVIL believes and therefore alleges that PRUDENTIAL wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which CIVIL is presently unaware, but which may be discovered in this future litigation and which CIVIL will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by CIVIL.

39. Following the denial of benefits under the LTD Plan, CIVIL exhausted all administrative remedies required under ERISA, and CIVIL has performed all duties and obligations on his part to be performed under the LTD Plan.

40. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, CIVIL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding CIVIL's claim for benefits, CIVIL, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 USC § 1132(g)(1),CIVIL is entitled to have such fees and costs paid by PRUDENTIAL.

42. PRUDENTIAL's wrongful conduct has created uncertainty where none should exist. Therefore, CIVIL is entitled to enforce his rights under the terms of the LTD Plan, and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, MICHAEL CIVIL prays for relief against THE PRUDENTIAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate payment of all benefits due and reinstatement into the LTD Plan, with all ancillary benefits to which she is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 USC § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: November 7, 2016

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

*S/ Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No: 106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com